IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 12 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00977-BNB

MIKEAL GLENN STINE,

    Applicant,

v.

BLAKE DAVIS, Warden, ADX Florence,

    Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Mikeal Glenn Stine, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Mr. Stine, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Subsequently, Mr. Stine filed a Memorandum of Law in support of the Application. Mr. Stine is challenging the validity of his sentence that was entered in the United States District Court for the Southern District of Texas (Southern District of Texas).

The Court must construe the Application and the Memorandum liberally because Mr. Stine is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Stine was convicted by a jury of conspiracy to commit bank robbery and

aiding and abetting in bank robbery and was sentenced to a total of 262 months of incarceration and three years of supervised release. *See **United States v. Stine***, No. 03-cr-00044-2 (S.D. Tex. EOD May 3, 2004). Mr. Stine's conviction and sentence were affirmed on direct appeal on July 11, 2005, and his petition for certiorari review by the United States Supreme Court was denied on October 3, 2005. *See **United States v. Stine***, No. 04-40561 (5th Cir. 2005). On February 28, 2006, Mr. Stine filed a 28 U.S.C. § 2255 motion in the Southern District of Texas that was denied on November 13, 2008. ***Stine***, No. 03-cr-00044 at Doc. Nos. 135 and 164. On February 27, 2009, Mr. Stine filed a second § 2255 motion that was denied on June 26, 2009 for failure to obtain permission from the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) to proceed in a successive § 2255 motion in the Southern District of Texas. *Id.* at Doc. Nos. 175 and 182. Mr. Stine then filed a request for permission with the Fifth Circuit that was denied on October 6, 2009. ***Stine***, No. 09-40742 (5th Cir. Oct. 6, 2009).

In this action, Mr. Stine claims that, based on the recent decision in ***Chambers v. United States***, 129 S. Ct. 687 (2009), he should be resentenced to a prison term that does not include a career offender enhancement. Mr. Stine specifically argues that, pursuant to ***Chambers***, his two prior convictions for escape should not be considered crimes of violence in calculating his sentence under the Sentencing Guidelines. Mr. Stine also asserts that he raised this same claim in his direct appeal and in his request to the Fifth Circuit to file a successive § 2255 motion.

In Mr. Stine's direct appeal, the Fifth Circuit denied his prior convictions claim, finding, pursuant to **United States v. Ruiz**, 180 F.3d 675, 676-77 (5th Cir. 1999), that escape is by nature a crime of violence. **U.S. v. Stine**, 122 F. App'x 103, at **1 (5th Cir. 2005). As for Mr. Stine's request to file a successive § 2255 motion, the Fifth Circuit denied the request on October 6, 2009, finding that **Chambers** does not apply retroactively to cases on collateral review. **Stine**, No. 09-40742.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." **Bradshaw v. Story**, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." **Id.** (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." **Johnson v. Taylor**, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." **Williams v. United States**, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." **Johnson**, 347 F.2d at 366.

The fact that Mr. Stine has been denied relief in the sentencing court does not

mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Also, the Fifth Circuit's denial of Mr. Stine's request to raise his claim in a second or successive § 2255 motion, by itself, does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). Instead, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Id.* at 1178. For example, the remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *Id.*

The remedy available pursuant to § 2255 also may be inadequate and ineffective if the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the applicant is actually innocent. *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001); *see also United States v. Apodaca*, 90 F. App'x 300, 304 n.10 (10th Cir. 2004) (agreeing with *Reyes-Requena* that recourse to § 2241 "will be unavailing unless accompanied by a clear showing of actual innocence"). As noted above, Mr. Stine contends the remedy available pursuant to § 2255 is inadequate and ineffective because, pursuant to *Chambers*, he is actually innocent of the sentence enhancement triggered by his prior escape convictions, but he is unable to raise the *Chambers* claim in his criminal case pursuant to § 2255.

Considering this argument in the context of the standards set forth in *Reyes-*

***Requena***, this Court finds that Mr. Stine satisfies the first prong of the ***Reyes-Requena*** test because ***Chambers*** is a new Supreme Court case, it does not state a new rule of constitutional law, and it was decided after the one-year limitation period for filing a § 2255 motion in Mr. Stine's criminal case had expired. However, the Court does not agree with Mr. Stine's contention that the Supreme Court's decision in ***Chambers*** demonstrates he is actually innocent. The "core idea" of the actual innocence factor "is that the petitioner may have been imprisoned for conduct that was not prohibited by law." ***Reyes-Requena***, 243 F.3d at 903. Mr. Stine is like the defendant in ***United States v. Richards***, 5 F.3d 1369 (10th Cir. 1993). He does not claim to be actually innocent of the crimes for which he was convicted. Rather, he claims that he should have received a lesser sentence. As the Tenth Circuit pointed out, "[a] person cannot be actually innocent of a noncapital sentence, however," **id.** at 1371; ***but see Selsor v. Kaiser***, 22 F.3d 1029, 1035-36 (10th Cir. 1994) (stating that a "petitioner in a habitual offender case can demonstrate actual innocence of the sentence without showing factual innocence of the underlying conviction because the sentence requires a separate showing from the proof required to convict").

Mr. Stine does not argue that he is actually innocent of conspiracy to commit bank robbery or of aiding and abetting in bank robbery of which he was convicted in his criminal case. He also does not argue that he is actually innocent of the prior escape convictions that triggered the sentence enhancement he is challenging. Instead, Mr. Stine argues only that he is innocent of the sentence enhancement based on ***Chambers***. Even assuming Mr. Stine's interpretation of ***Chambers*** is correct and the

affect *Chambers* has on his own sentence is correct, his argument that he is innocent of a sentence enhancement is not the sort of actual innocence that could justify a finding that the remedy available pursuant to § 2255 in his criminal case is inadequate or ineffective. *See Richards*, 5 F.3d at 1371. Therefore, his claims are not properly asserted in a § 2241 action. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed. It is

FURTHER ORDERED that Mr. Stine's Motion to Expedite (Doc. No. 4) filed April 29, 2010 is denied as moot.

DATED at Denver, Colorado, this  11th  day of  May , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00977-BNB

Mikeal Glenn Stine
Reg. No. 55436-098
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/12/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk