IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00977-ZLW

MIKEAL GLENN STINE,

Applicant,

v.

BLAKE DAVIS, Warden, ADX Florence,

Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 6 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

---

The matter before the Court is the "Motion to Alter or Amend Judgment, Pursuant to 59(e) Fed. R. Civ. P." and the " 'Memorandum of Law in Support of' Motion to Alter or Amend Judgment Pursuant to Rule 59(e) Fed. R. Civ. P." that Applicant Mikeal Glenn Stine, a *pro se* prisoner litigant, filed on May 19, 2010. Mr. Stine is in the custody of the United States Bureau of Prisons and currently is incarcerated at Florence ADX. Mr. Stine seeks reconsideration of the Order of Dismissal and the Judgment entered on May 12, 2010. The Court must construe the Motion and Memorandum liberally because Mr. Stine is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Stine's Motion to Reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the dismissal and judgment were entered in this action on May 12, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The instant Motion was filed on May 19, 2010, well within twenty-eight days of the final judgment in this action. *See* Fed. R. Civ. P. 6(a). The Motion, therefore, is properly filed as a motion to alter or amend judgment pursuant to Rule 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Memorandum, Mr. Stine argues that because the sentencing court refused to consider his 28 U.S.C. § 2255 motion the remedy available under § 2255 is inadequate and ineffective. (Mem. at 3.) As the Court stated in the Order of Dismissal, recourse to 28 U.S.C. § 2241 is unavailing unless there is a clear showing of actual

2

innocence. Mr. Stine's argument that he is innocent of a sentence enhancement is not the sort of actual innocence that could justify a finding that the remedy available pursuant to § 2255 in his criminal case is inadequate and ineffective. For the reasons stated above and asserted in the May 12 Order of Dismissal, Mr, Stine fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving. The Motion to Alter or Amend Judgment will be denied. Accordingly, it is

ORDERED that Mr. Stine's Motion to Alter or Amend Judgment (Doc. No. 8) filed on May 19, 2010, is denied.


DATED at Denver, Colorado, this 25th day of May , 2010.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00977-ZLW

Mikeal Glenn Stine
Reg. No. 55436-098
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on **5|26|10**

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk